IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TONY GOODMAN, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 28 U.S.C. § 1331 |
| | : | |
| v. | : | |
| | : | |
| THE ROBERT A. DEYTON | : | CIVIL ACTION NO. |
| DETENTION FACILITY et al., | : | 1:15-CV-1468-TWT-LTW |
| Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is a federal pre-trial detainee who, pro se, seeks relief for the allegedly unlawful conditions of his confinement. (Doc. 1.) Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.)

The first item on the complaint form Plaintiff submitted asked him if he has "filed other lawsuits in federal court while incarcerated in any institution." (Doc. 1 at 1.) Plaintiff checked "No" in response to that question and did not answer any of the subsequent questions requiring identification of any prior federal cases. (*Id.* at 1-2.) Plaintiff signed his complaint and declared under penalty of perjury that the information in it was true and correct. (*Id.* at 5.)

Plaintiff's response was false because he has filed numerous cases in this and the other federal courts in Georgia while incarcerated. *See* Order, *Goodman v.*

AO 72A
(Rev.8/82)

*Howerton*, No. 1:03-cv-973-JTC (N.D. Ga. May 19, 2004) (listing prior cases and dismissing Plaintiff's complaint as barred by the Prison Litigation Reform Act's ("PLRA") three strikes provision). Indeed, the Court found over a decade ago that "Plaintiff has far exceeded his three strikes under the PLRA." *Id.* at 3. Plaintiff's false statement that he has not previously filed lawsuits in federal court while incarcerated is an abuse of the judicial process that warrants dismissal. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225-26 (11th Cir. 2011) (affirming dismissal because prisoner "had abuse[d] . . . the judicial process by failing to disclose his previous civil actions as directed on the complaint form and . . . the proper sanction for his abuse of process [was] to dismiss the case without prejudice" (quotation marks omitted)).

Moreover, Plaintiff cannot proceed IFP because, as noted above, he has filed more than three cases while incarcerated that were dismissed as frivolous or for failure to state a viable claim. A prisoner may not bring a civil action in federal court IFP "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

AO 72A
(Rev.8/82)

28 U.S.C. § 1915(g). Plaintiff's complaint demonstrates that this action is barred by § 1915(g). (Doc. 1.)

Like dismissal for abuse of the judicial process, when § 1915(g) bars a prisoner from proceeding IFP "the proper procedure is . . . to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id.*

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process and because the PLRA's three strikes provision bars Plaintiff from proceeding IFP.

**SO RECOMMENDED** this 4 day of May, 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE